I respectfully dissent from the majority because I do not believe that the trial court's answer to the jury's question on complicity was harmless error. Although there may have been sufficient evidence in the record for the trial court to instruct on complicity, the trial court had already ruled that it would not do so prior to closing arguments. During the State's closing argument, no mention of complicity was made. Lamarr then gave his closing argument. Only then, in its rebuttal closing argument did the State first raise the idea of complicity. By first raising the issue in rebuttal, the State effectively denied Lamarr from presenting a defense on complicity. This is not merely a procedural error as the concurring opinion suggests, but is instead inherently unfair and goes beyond the limits of propriety. See Grossnickle v. Germantown
(1965), 3 Ohio St.2d 96, 102, 209 N.E.2d 442.
 {¶ 28} The facts of this case are clear. The State requested an instruction on complicity. This instruction was denied.[1] Thus, the State knew that no instruction would be given on complicity. The State then gave its closing argument in which no argument was made on complicity. It was only after the defense had made its closing argument and had absolutely no opportunity to defend against a charge of complicity that the State first raised the issue. The State's argument prompted the jury's question on complicity and caused the trial court to reverse its prior ruling and give an additional instruction on complicity after the case was submitted to the jury. This is effectively a denial of the opportunity to defend against a charge. The argument that the defense should have known it could be raised so should have argued it anyways places an improper burden on the defendant to defend against a charge that was never raised. The right to be informed of all charges and present a defense to each and every charge is one guaranteed by the U.S. Constitution. The denial of that opportunity cannot be said to be harmless. Therefore, I would find that the error was prejudicial and would reverse the judgment.
[1] The question of whether the instruction was properly denied is not before this court.